UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA M. SMITH,                  :
                                 :
                                 :   NO. 1:07-CV-00075
        Plaintiff,               :
                                 :
    v.                           :   **OPINION AND ORDER**
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
        Defendant.               :

This matter is before the Court on the Magistrate Judge's June 2, 2008 Report and Recommendation (doc. 9), and Plaintiff's Objections (doc. 12). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

**I.  Background**

Plaintiff filed this action on February 2, 2007, seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for Supplemental Security Income ("SSI") (doc. 9). Plaintiff filed an application for SSI in May 2003, alleging disability starting on February 1, 2002, due to degenerative disc disease, chronic obstructive pulmonary disease, gastroesophageal reflux disease, hypertension, and obesity (Id.). After Plaintiff's applications were denied once and then again upon reconsideration, she was granted a de novo hearing before an

administrative law judge ("ALJ") (Id.).  Plaintiff was 55 years old at the time of the hearing, has an eighth grade education, and past work history as an office manager and night auditor (Id.).  At the hearing, a Vocational Expert ("VE"), a medical expert, and Plaintiff testified (Id.).

The ALJ denied Plaintiff's applications on May 11, 2006 (Id.).  In her decision, the ALJ determined that Plaintiff suffers from severe impairments of degenerative disc disease, status post cervical fusion, chronic obstructive pulmonary disease, gastroesophageal reflux disease, hypertension, and obesity (Id.).  The ALJ, however, found that Plaintiff's impairments alone or in combination do not meet or equal any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.).  The ALJ also found Plaintiff's allegations regarding her disabilities not totally credible (Id.).

The ALJ determined Plaintiff has a residual functional capacity ("RFC") such that she can sit for seven to eight hours in an eight-hour workday, for one hour at a time; she can stand for two to three hours in an eight-hour workday, for 30 minutes at a time; and she cannot crawl or climb, but can occasionally perform all other postural activities (Id.).  Although the ALJ found Plaintiff is unable to perform her past relevant work, based on the VE's testimony, she determined Plaintiff could perform a significant range of sedentary jobs that exist in the national

economy (Id.).  Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act and is not entitled to SSI (Id.).  Plaintiff appealed to the Appeals Council, which denied the appeal and therefore made the ALJ's decision the final decision of the Commissioner (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that though Plaintiff's complaints and physical limitations are supported by the RFC opinions of Drs. Siegel and Mehta, the ALJ's decision to reject such opinions was supported by substantial evidence (Id.).  Moreover, the Magistrate Judge found fully supported by record evidence the ALJ's determination that Plaintiff's subjective allegations regarding her symptoms and limitations were not wholly credible (Id.).  As such, the Magistrate Judge found the ALJ's RFC finding supported by substantial evidence and recommended that it be affirmed (Id.). Plaintiff filed her Objections on June 19, 2008 (doc. 12), so that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b).  Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence,

3

of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id.  The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings.  42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that she is entitled to SSI.  20 C.F.R. § 404.1512(a).  To show that claimant is an "eligible individual" entitled to SSI, she must be disabled.  42 U.S.C. § 1382(a).

**A.   The Magistrate Judge's Report and Recommendation (doc. 9)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 9).  The Magistrate Judge then reviewed Plaintiff's four assignments of error, that  1) the ALJ

4

erred by not accepting the RFC opinions of Plaintiff's treating physicians, 2) the ALJ improperly discredited Plaintiff's complaints of pain, 3) the ALJ erred by not giving Dr. Mehta's RFC report to Dr. Watson and having a third hearing to address Dr. Mehta's findings, and 4) the ALJ erred by not finding Plaintiff fully credible (Id.).

The Court rejected Plaintiff's first assignment of error, finding the ALJ's decision in rejecting the opinions of Plaintiff's treating physicians supported by substantial evidence (Id.). The Magistrate Judge found the records of the first treating physician, Dr. Siegel, lacking in progress notes or clinical examinations, or recent objective findings to support his RFC opinion (Id.). The Magistrate Judge further found the record failed to disclose Dr. Siegel's specialty, when he examined Plaintiff, or the treatment he prescribed and response to such treatment (Id.). As for the records of the second treating physician, Dr. Mehta, the Magistrate Judge similarly found them deficient of objective and clinical evidence of record (Id.). In contrast the Magistrate Judge found the ALJ's decision to give great weight to the testimony of the medical expert, Dr. Watson, whose opinion was consistent with other physicians of record: Drs. Fritzhand, Kelly, Bishop, Sultan, and Taylor (Id.). The Magistrate Judge noted that it is the ALJ's function to resolve inconsistencies and conflicts in the medical evidence, and the

5

record reveals the ALJ considered all the medical evidence in assessing Plaintiff's RFC (Id.). Accordingly, the Magistrate Judge found the Plaintiff's first and third assignments of error not well-taken and recommended they be overruled (Id.).

As for Plaintiff's second and fourth assignments of error, that the ALJ erred by discounting her complaints of pain, and not finding her wholly credible, the Magistrate Judge disagreed, finding the ALJ's conclusions fully supported by the record evidence (Id.). The Magistrate Judge found Plaintiff's citation to records without specific citation or explanation, and that she failed to request a sentence six remand for consideration of records she did not present before the ALJ (Id.). Finally, the Magistrate Judge noted that the ALJ's credibility finding is entitled to deference and should not be discarded lightly (Id. citing Kirk v. Sec. of H.H.S., 667 F.2d 524, 538 (6th Cir. 1981)). After having reviewed the evidence and each of Plaintiff's assignments of error, the Magistrate Judge concluded that the ALJ's RFC finding is supported by substantial evidence, and should be affirmed.

**B. Plaintiff's Objection**

Plaintiff argues in her objection that the Magistrate Judge and ALJ erred in failing to give more weight to the treating physicians Drs. Siegel and Mehta than to the findings of other physicians (doc. 12). Plaintiff argues the opinions of the other

6

doctors in the record should not be considered substantial evidence because two of them only reviewed the record, and did not examine Plaintiff (Id.). A third, only saw Plaintiff during a week-long stay in the hospital for pneumonia in May 2003 (Id.). Plaintiff requests therefore that the Court overrule the Magistrate Judge's recommendations.

**C. Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 9), and denies Plaintiff's Objections (doc. 12).

In spite of Plaintiff's objections to the Magistrate Judge's report, the Court finds sufficient clinical evidence in the record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); Smith, 893 F.2d at 108. Specifically, the Magistrate Judge did not err in finding the opinion of the treating physicians, Drs. Siegel and Mehta, unsupported and inconsistent with other evidence in the record. The Magistrate Judge also correctly asserted that the ALJ was within her bounds to weigh the inconsistent evidence and that her credibility assessment is entitled to deference.

In her objection, Plaintiff simply reiterates her position that the opinions of the treating physicians should be

given more weight than the other medical evidence of record. Although this is generally true, here the opinions of the treating physicians were unsupported, contradicted by the testimony of the medical expert and other physicians, and further thrown into question by the ALJ's credibility assessment. For these reasons, the Court does not find Plaintiff's objection well-taken.

### III. Conclusion

The Court concludes that the ALJ's decision regarding Plaintiff's residual functional capacity supported by substantial evidence. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9) in all respects, and DISMISSES this case from the Court's docket.

SO ORDERED.

Date: September 16, 2008   /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge